USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/05/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
HOWARD J. MILLER et al.,                              :
                                                      :
                              Plaintiffs,             :
                                                      :          23-MC-343 (VEC)
                  -against-                            :
                                                      :          ORDER
                                                      :
JUAREZ CARTEL,                                        :
                                                      :
                              Defendant.              :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

  WHEREAS on September 14, 2023, Plaintiffs registered a foreign judgment (the

"Judgment") that had been issued by the U.S. District Court for the District of North Dakota

against Defendant, *see* Registration of Foreign J., Dkt. 1;

  WHEREAS on January 2, 2024, Plaintiffs filed a motion for an *ex parte* writ of execution

(the "Motion") pursuant to the Anti-Terrorism Act, the Terrorism Risk Insurance Act of 2002

(the "TRIA"), Federal Rule of Civil Procedure 69, and N.Y. C.P.L.R. § 5225, *see* Motion, Dkt.

3;

  WHEREAS Plaintiffs' proposed writ of execution applies to "any assets within this

Court's jurisdiction in the putative name of, held for the benefit of, or that were associated with

the Ying Sun Money Laundering Organization, and/or Ying Sun individually," Proposed Writ,

Dkt. 3-4, ¶ 6;

  WHEREAS in support of the Motion, Plaintiffs reference Ying Sun's ("Sun's")

conviction in this District for conspiracy to commit money laundering (the "Criminal

Proceeding"), *see* Motion at 12–16 (citing *United States v. Ying Sun*, No. 21-CR-343 (SHS)

(S.D.N.Y. May 24, 2021));

WHEREAS in connection with the Criminal Proceeding, on June 13, 2023, Sun was ordered to forfeit $20,896,774 to the United States, *see* Preliminary Order of Forfeiture, *United States v. Ying Sun*, No. 21-CR-343 (SHS) (S.D.N.Y. June 13, 2023), Dkt. 221;

WHEREAS Plaintiffs assert that the Motion should be granted *ex parte* because "mere attachment"[1] is minimally intrusive, "a number of events may occur [during the pendency of execution proceedings] which make satisfaction using these assets impossible,"[2] and preserving assets for execution furthers Congressional goals, *see* Motion at 19–20;

WHEREAS the TRIA "provides for attachment in aid of execution of a judgment," *Estate of Heiser v. Bank of Tokyo Mitsubishi UFJ, N.Y. Branch*, 919 F. Supp. 2d 411, 416 (S.D.N.Y. 2013) (citing 28 U.S.C. § 1610); *see also Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 50 (2d Cir. 2010);

WHEREAS "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies," Fed. R. Civ. P. 69(a);

WHEREAS New York law allows judgment creditors to commence a "special proceeding" against a third party who is "in possession or custody of money or other personal property" in which the judgment debtor has an interest, N.Y. C.P.L.R. § 5225(b);

---

[1]     Plaintiffs seek a writ of post-judgment execution, not a writ of pre-judgment attachment.  A writ of attachment "may be granted without notice" under certain circumstances.  N.Y. C.P.L.R. § 6211(a).

[2]     In support of this vague assertion, Plaintiffs cite to an "*id.*" which references page "729" of a 23-page affidavit.  *See* Motion, Dkt. 3, at 20.  The affidavit Plaintiffs filed in support of the Motion does not address the purported need to resolve the Motion *ex parte*.  *See* Craine Affidavit, Dkt. 3-3.  The case Plaintiffs appear to cite in support of their desire to proceed *ex parte*, *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713 (11th Cir. 2014), concluded that a writ of *attachment*, not a writ of *execution*, could be issued without notice and a hearing; by contrast, a writ of execution against the defendant's alleged agencies or instrumentalities required prior notice and a hearing, *see id.* at 726, 729.  The Court emphasized that "third party" garnishees are entitled to notice, even if they are allegedly an agency or instrumentality of the defendant because "[w]ithout notice and a fair hearing where both sides are permitted to present evidence, the third party never has an opportunity to dispute its classification as an agency or instrumentality."  *Id.* at 726–27.

WHEREAS "a party seeking a money judgment against a non-party garnishee may proceed by motion [in federal court] and need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee," *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468–69 (2d Cir. 2018) (concluding that the plaintiff could proceed by motion because "personal jurisdiction [over the garnishees] [was] clear"; the garnishees were served in compliance with Federal Rule of Civil Procedure 4 and "[did] not contest" their ties to the forum); *see also Ideavillage Prods. Corp. v. Liuzhou Weimao Mobile Accessory Co., Ltd.*, No. 20-CV-4997 (LTS), 2021 WL 3621788, at *7 (S.D.N.Y. Aug. 16, 2021) (denying plaintiffs' motion for a writ of execution targeting defendants' assets held by third parties without prejudice in part because "the special proceeding requirement imposed by [N.Y. C.P.L.R. § 5225(b)] exists to ensure that third parties are given notice and an opportunity to be heard before a court orders turnover of a judgment debtor's assets"; the non-parties did not have "notice and an opportunity to be heard on the issue of asset restraint and transfer"); *Mitchell v. Lyons Pro. Servs., Inc.*, 727 F. Supp. 2d 120, 125 (E.D.N.Y. 2010) (concluding that plaintiffs could proceed by motion rather than a special proceeding under N.Y. C.P.L.R. § 5225(b) because there was "no issue about having secured personal jurisdiction" over the garnishees, who "each submitted affidavits opposing plaintiffs' motion on the merits"); *Caballero v. Fuerzas Armadas Revolucionarias de Colom.*, No. 20-MC-40 (LJV), 2022 WL 2439386, at *3 (W.D.N.Y. June 7, 2022) (noting that parties whose assets "are under threat of execution" pursuant to the TRIA "are entitled to notice and an opportunity to be heard in order to rebut the allegations and preserve their possessory interest in blocked assets" (quoting *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 726 (11th Cir. 2014));

WHEREAS Plaintiffs assert in a conclusory manner that the Court has personal jurisdiction over the garnishee, *see* Motion at 21, but they do not identify the garnishee, let alone substantiate this assertion;

WHEREAS in this District, no *ex parte* order will be granted "except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made," S.D.N.Y. Local Rule 6.1(d);

WHEREAS any person asserting a legal interest in property that has been ordered forfeited may petition the court for a hearing to adjudicate the validity of his alleged interest in the property, *see* 21 U.S.C. § 853(n); *see also Libretti v. United States*, 516 U.S. 29, 44 (1995) ("Once the Government has secured a stipulation as to forfeitability, third-party claimants can establish their entitlement to return of the assets only by means of the hearing afforded under 21 U.S.C. § 853(n)."); *DSI Assocs. LLC v. United States*, 496 F.3d 175, 183–84 (2d Cir. 2007) ("It is . . . well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered."); and

WHEREAS on August 11, 2023, and on December 29, 2023, Plaintiffs petitioned for exactly that relief in the Criminal Proceeding, *see* Pet., *United States v. Ying Sun*, No. 21-CR-343 (SHS) (S.D.N.Y. Aug. 11, 2023), Dkt. 234; Pet., *United States v. Ying Sun*, No. 21-CR-343 (SHS) (S.D.N.Y. Dec. 29, 2023), Dkt. 265;[3]

IT IS HEREBY ORDERED that the Motion is DENIED without prejudice.  As a preliminary matter, Plaintiffs have not made a clear and specific showing by affidavit that they are entitled to an *ex parte* order.  *See* S.D.N.Y. Local Rule 6.1(d).  Plaintiffs have also not

---

[3]      Inexplicably, Plaintiffs did not mention these petitions in the Motion.

specified the property at issue or whether the proposed third-party garnishee is the U.S. Government, Sun, or the Ying Sun Money Laundering Organization; personal jurisdiction over the garnishee is, therefore, far from clear, precluding Plaintiffs from proceeding via motion. *See Ideavillage Prods. Corp.*, 2021 WL 3621788, at *7; *cf. Bainbridge Fund Ltd. v. Republic of Arg.*, No. 16-CV-8605 (LAP), 2023 WL 5747299, at *6 (S.D.N.Y. Sept. 6, 2023) ("Under CPLR 5225, 'a judgment creditor seeking a turnover order must identify the particular property as to which it seeks a turnover, whether a specific bank account, account receivable, or office furniture.'" (citation omitted)).  Plaintiffs also failed to address (or even disclose) that they have already filed petitions to adjudicate their purported interest in property forfeited to the United States by Sun in connection with the Criminal Proceeding. *See* Preliminary Order of Forfeiture, *United States v. Ying Sun*, No. 21-CR-343 (SHS) (S.D.N.Y. June 13, 2023), Dkt. 221; *DSI Assocs. LLC*, 496 F.3d at 183–84; *see also Libretti*, 516 U.S. at 44.  Any subsequent motion for a writ of execution before this Court must remedy these deficiencies.

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 3.

**SO ORDERED.**

Date:  **January 5, 2024**
     **New York, New York**

                                  **VALERIE CAPRONI**
                               **United States District Judge**