**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
Howard J. Miller, et al.                        :

        Plaintiffs,                             :

        - v. -                                  :       Misc. Action No. 1:23-mc-00343-VEC

Juárez Cartel, a/k/a Vicente Carrillo           :
Fuentes Organization (a/k/a "CFO"),
a/k/a La Línea,                                 :

        Defendant.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**MOTION BY THE UNITED STATES OF AMERICA
TO INTERVENE AND STAY THIS ACTION**

The United States of America (the "United States") hereby moves to intervene in the above-captioned case (the "Attachment Proceeding") as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. The assets for which Plaintiffs seek attachment under this action (the "Forfeiture Assets") are already subject to a Preliminary Order of Forfeiture entered on June 13, 2023 by this district court in the criminal forfeiture ancillary proceeding *United States v. Sun, et al*, 21-Cr-343 (SHS) (S.D.N.Y.) (the "Forfeiture Proceeding"). As a result, the United States holds a vested interest in the Forfeiture Assets and is so situated that a ruling on this Attachment Proceeding may impair or impede the ability of the United States to protect its interest in the Forfeiture Assets.

With respect to the Forfeiture Proceeding, on December 29, 2023, Plaintiff filed an amended petition asserting an interest in the Forfeiture Assets, but the amended petition did not cite or reference the Attachment Proceeding. On February 9, 2024, following this Court's dismissal

1

of Plaintiff's *ex parte* Motion for Writ of Execution (Dkt. 3), which failed to mention the pending Forfeiture Proceeding, Plaintiff filed a letter in the Forfeiture Proceeding advising the court of the Attachment Proceeding and suggesting that it be combined with the Forfeiture Proceeding. On February 14, 2024, the United States filed a letter in the Forfeiture Proceeding advising that the United States is not opposed to consolidating the Attachment Proceeding with the Forfeiture Proceeding, but also noting that in the view of the United States, the Attachment Proceeding is plainly barred by Title 21, United States Code, Section 853(k), which provides that after a defendant has been indicted and notice of forfeiture has been given, the ancillary forfeiture proceeding is the only forum in which a party may challenge the forfeiture of, or otherwise assert an interest in, property subject to forfeiture.

On February 14, 2024, Plaintiffs served the United States Attorney's Office for the Southern District of New York with Plaintiffs' Notice of Motion of Attachment as Memo Endorsed by the Court (Dkt. 7). If permitted to intervene in this Attachment Proceeding, the United States asserts that the Attachment Proceeding should be stayed pending resolution of the Forfeiture Proceeding. As stated above, once notice of forfeiture has been given in a criminal case, the only avenue for a third party to assert an interest in property subject to forfeiture is the ancillary proceeding provided for under Title 21, United States Code, Section 853(n). *See United States v. Watts*, 786 F.3d 152, 175 (2d Cir. 2015) ("We have consistently interpreted § 853(k) to mean that an ancillary proceeding under § 853(n) is 'the *only* avenue for a post-indictment third-party claim to forfeited property' under the criminal forfeiture statute," quoting *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006)). As the Court noted in its order from January 5, 2024 (Dkt. 4) (the "Order"), Plaintiffs have already asserted their alleged interest in the Forfeiture Assets through

a petition and an amended petition as filed in the Forfeiture Proceeding (Order at 4-5). Final disposition of the Forfeiture Assets through the Forfeiture Proceeding would render this Attachment Proceeding moot. However, should the United States choose not to pursue final forfeiture against any portion of the Forfeiture Assets, this Attachment Proceeding could recommence for litigation of Plaintiffs' attachment claims against any remaining assets.

## CONCLUSION

For the aforementioned reasons, the United States requests that it be permitted to intervene in this action pursuant to Rule 24, and that, if granted, the Court stay this action pending resolution of the Forfeiture Procceding.

Respectfully submitted,

DAMIAN WILLIAMS
Attorney for the United States

By: /s
Tara M. LaMorte
Assistant United States Attorney
Chief, Illicit Finance & Money Laundering Unit
(212) 637-1041

Dated: February 15, 2024
New York, New York

Plaintiffs response to the United States' motion to intervene and motion to stay is due on **March 1, 2024**.

In light of the United States' assertion that it was served on February 14, 2024, Plaintiffs are not required to file further proof of service.

SO ORDERED.

*[signature: Valerie Caproni]*   02/16/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

3