

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

**MEMO ENDORSED**

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**Michael E. Elsner**
*Licensed in NY, VA, SC*
direct:  843.216.9250
melsner@motleyrice.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  03/04/2024

March 1, 2024

**VIA CM/ECF**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   *Miller, et al. v. Juárez Cartel*, Case No. 1:23-mc-00343 (VEC)
> **Plaintiffs' Response to Court's Order to Show Cause**
> **Plaintiffs' Response to U.S. Government's Motion to Intervene**

Dear Judge Caproni:

Plaintiffs Howard J. Miller, et al. ("Plaintiffs"), by and through undersigned counsel, hereby respond to the Court's Order of February 12, 2024, requiring Plaintiffs to "show cause why this case should not be stayed pending adjudication of their claims in *United States v. Sun* [Case No. 21-cr-343 (SHS) (S.D.N.Y.)]." *See* ECF No. 7. Furthermore, Plaintiffs provide a brief response to the United States' motion to intervene including its request for the Court to stay these attachment proceedings "pending resolution of the Forfeiture Proceeding." *See* ECF No. 9 at 3.

As an initial point, Plaintiffs do not oppose the Government's motion to intervene as Plaintiffs agree that the United States is an interested party pursuant to Fed. R. Civ. P. 24(a).

As to the Court's Order that Plaintiffs show cause why this attachment proceeding should not be stayed pending the outcome of Plaintiffs' amended petition for ancillary proceedings under 21 U.S.C. § 853(n) as to the assets at issue in the Preliminary Order of Forfeiture in the criminal case before Judge Stein, Plaintiffs submit that their opposition to such a stay is grounded in concepts of notice regarding the Government's actions in the forfeiture proceedings and the potential dissipation of the assets that Plaintiffs have sought to attach that either are now, or may in the future, be released from the Government's control as the Government continues to reach different agreements with certain of the defendants in the criminal proceedings. Absent these two issues, which are the subject of discussions between Plaintiffs' counsel and the U.S. Attorney's Office for the Southern District of New York, Plaintiffs would not oppose a stay of these attachment proceedings.



The Honorable Valerie E. Caproni
March 1, 2024
Page 2

In its motion to intervene, the Government states "should the United States choose not to pursue final forfeiture against any portion of the Forfeiture Assets [assets subject to a Preliminary Order of Forfeiture in *United States v. Sun, et al.,* 21-CR-343 (SHS) (S.D.N.Y.) ("POF")], this Attachment Proceeding could recommence for litigation of Plaintiffs' attachment claims against any remaining assets." *See* ECF No. 9 at 3. While this statement appears to recognize the differing status of assets that are subject to a Preliminary Order of Forfeiture and those that may be released from such an order, it nevertheless fails to note that—despite the pendency of Plaintiffs' initial petition for ancillary proceedings pertaining to the Government's Preliminary Order of Forfeiture—on December 22, 2023, the United States and various third-parties reached an agreement whereby if certain conditions precedent were met, the United States "shall promptly direct Citibank [asset custodian] to remove any freeze or hold on the Subject Shares [assets included in the prior Preliminary Order of Forfeiture] related to the Government's criminal action/forfeiture including the Government's initial seizure warrant, and return the account and the Subject Shares to the control of" the various third-parties. *United States v. Sun*, Case No. 21-cr-343 (SHS) (S.D.N.Y.), ECF No. 263.

Therefore, Plaintiffs have a real concern that, without notice of actions being undertaken by the United States that remove assets from the forfeiture and Plaintiffs' ancillary petition, then those assets would no longer be subject to the Government's control and could be dissipated before Plaintiffs were made aware. The United States has not stated how and/or when Plaintiffs may learn that it has decided not to pursue final forfeiture of any portion of the Forfeiture Assets nor has it stated how and/or when Plaintiffs may be informed that assets subject to the December 22, 2023, stipulation are set to have "any freeze or hold" on them removed. Plaintiffs have engaged in multiple discussions with the Government to determine if an agreed-upon procedure for providing notice to Plaintiffs could be reached to alleviate Plaintiffs' dissipation concerns.

Plaintiffs seek attachment of the assets at issue in this case pursuant to the Terrorism Risk Insurance Act of 2002 ("TRIA") that provides:

> Notwithstanding any other provision of law . . . in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism . . . the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

TRIA § 201(a), Pub. L. 107-297, 116 Stat. 2337, codified at 28 U.S.C. § 1610 note.  The Second Circuit has determined that attachment pursuant to TRIA "must follow the procedures of state law and, to the extent it applies, federal law." *Levinson v. Kuwait Finance House (Malaysia)*



*Berhad,* 44 F.4th 91, 97 (2d Cir. 2022). Therefore, Plaintiffs have applied New York attachment law to these proceedings, and New York law permits Plaintiffs, who have obtained a judgment against a terrorist party on a claim based upon an act of terrorism under the Anti-Terrorism Act (18 U.S.C. §§ 2331 *et seq.*), "to pursue attachment procedures to … 'prevent the dissipation of'" assets. *Id.* at 98.

Discussion between Plaintiffs and the Government continue to be ongoing to address Plaintiffs' concerns regarding notice and dissipation of assets; however, given the deadline established by the Court for Plaintiffs' to show cause why a stay should not be entered and to address the Government's motion to intervene, Plaintiffs must oppose the stay for the limited reason that there is currently no mechanism whereby Plaintiffs can obtain notice of the possible dissipation of assets at issue in this case to permit them to reinstitute these attachment proceedings with sufficient time to avoid the dissipation of assets sought to be attached in these proceedings.

To the extent that the discussions between the Plaintiffs and the Government yield a solution that would alleviate Plaintiffs' concerns, then Plaintiffs will notify the Court of their agreement to stay these attachment proceedings. However, to the extent that an agreement is not reached, Plaintiffs assert they should be permitted to attach the assets at issue as Plaintiffs believe they have made the appropriate showing to permit the Court to make findings that TRIA indeed permits these assets to be attached, and New York state law provides that "an order of attachment may be granted in any action . . . when . . . the cause of action is based on a judgment, decree or order of a court of the United States." N.Y. CPLR § 6201(5). Because Plaintiffs have registered with this Court the judgment entered on their behalf by the U.S. District Court for the District of North Dakota, the Second Circuit recognizes that New York state law permits Plaintiffs "to pursue attachment procedures to … 'prevent the dissipation of'" the assets at issue here. *See* 44 F.4th at 98.

Respectfully submitted,

Michael E. Elsner

---

The United States' motion to intervene is GRANTED. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 9. The parties are ordered to file a joint status update on the progress of settlement discussions by **March 12, 2024**.

SO ORDERED.

03/04/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE